**Michael F. McCARTHY, Plaintiff-Appellant,**

v.

**Stephen A. MAYO, individually, and in his capacity as Special Deputy Attorney General for the State of Hawaii and as Special Assistant U.S. Attorney; William J. Eggers, III, individually, and in his capacity as Special Deputy Attorney General for the State of Hawaii; Roy Y. Yempuku, individually, and in his capacity as attorney for Pacific Loan and for Thrift Guaranty; Susan Ichinose, individually, and in her capacity as attorney for Pacific Loan and for Thrift Guaranty Corporation; Mary Bitterman, individually, and as Director of Regulatory Agencies for the State of Hawaii and in her capacity as head of the Bank Examiner Division of that body; Tany S. Hong, individually, and as former Director of the Department of Regulatory Agencies for the State of Hawaii and in his capacity as Attorney General for the State of Hawaii; Lester Wee, individually, and in his capacity as Bank Examiner for the State of Hawaii; Edward R. Lebb, individually, and in his capacity as Attorney for the Bank Examiner for the State of Hawaii; et al., Defendants-Appellees.**

No. 86–2591.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1987.

Decided Sept. 14, 1987.

As Amended Oct. 30, 1987.

Peter A. Donahoe, Honolulu, Hawaii, for plaintiff-appellant.

Richard J. Archer, Steven S. Michaels and Linda M. Katsuki, Honolulu, Hawaii, for defendants- appellees.

Before SKOPIL, FARRIS and O'SCANNLAIN, Circuit Judges.

FARRIS, Circuit Judge:

Michael F. McCarthy appeals the district court's summary judgment and dismissal for failure to state a claim in favor of the numerous defendants to his civil rights action. He also appeals from the court's denial of his post-judgment motion to reconsider. We affirm.

## BACKGROUND

McCarthy was an executive officer and investor in American Resources, Ltd., which developed land in Hawaii and Alaska. American Resources and its partner, Velzeyland, borrowed approximately six million dollars from Pacific Loan, for the alleged purpose of consolidating previous corporate and individual loans from Pacific Loan. Pacific Loan is an industrial loan company regulated by the State of Hawaii. It is required to belong to the Thrift Guaranty Corporation, which was created to stabilize the industrial loan industry and avoid the consequences of industrial loan company failures by guaranteeing payment of outstanding obligations. Thrift Guaranty has the authority to oversee the financial status of member companies.

In March 1981, American Resources transferred a real estate subdivision to Pa-

cific Loan, which the latter apparently accepted in full satisfaction of a prior debt. In June 1981, the Hawaii Bank Examiner, through defendant Bitterman, directed Thrift Guaranty to take action regarding Pacific Loan's precarious financial condition. Thrift Guaranty took over the assets and management of Pacific Loan. By paying off claims against Pacific Loan, Thrift Guaranty assumed Pacific Loan's claims against its debtors. Because McCarthy and his associates had borrowed substantial sums from Pacific Loan, they were suspected of being responsible for Pacific Loan's financial collapse. This suspicion led to civil and criminal suits. Civil litigation resulted in a district court judgment that the transfer of property from Velzeyland and American Resources, Ltd. to Pacific Loan was illegal and did not satisfy the prior debt, which therefore remained due and owing.

Hawaii Special Deputy Attorneys General Mayo and Eggers brought the first criminal indictment against McCarthy. The indictment was dismissed because the statute of limitations had run. The Hawaii Supreme Court affirmed the dismissal. Defendant Mayo was then appointed Special Assistant United States Attorney and sought a federal grand jury indictment. Some of the counts were dismissed before trial, and McCarthy was acquitted of the others after the prosecution rested its case. *See McCarthy v. Pacific Loan, Inc.*, 629 F.Supp. 1102, 1104 (D.Hawaii), *appeal dismissed*, 789 F.2d 921 (9th Cir.1986).

On February 14, 1986, McCarthy filed suit in federal court alleging violation of his constitutional and civil rights by numerous defendants. He contended that the criminal prosecutions constituted malicious prosecution. Motions by the defendants for summary judgment and dismissal caused McCarthy to move to amend his complaint. Those motions were argued in the same proceeding. The district court granted McCarthy leave to amend, and then granted summary judgment in favor of the state defendants because: the prosecutors had absolute immunity; Plotnick and Creative Resources, Inc. (private investigators) enjoyed qualified immunity to the extent that they were agents of the state; and the regulatory defendants enjoyed qualified immunity since there was no allegation that they acted beyond the scope of their discretion. The district court dismissed the action against the non-governmental defendants because the amended complaint failed to state a claim upon which relief could be granted under 42 U.S.C. §§ 1983 and 1985 and failed to allege a claim for malicious prosecution. Three orders were signed by the district judge and filed on June 13, 1986. The judgment dismissing the case with prejudice was entered on June 17, 1986.

On June 19, 1986, McCarthy wrote a letter to the judge objecting to the form of the orders. The judge treated the letter as a motion for reconsideration pursuant to Rule 59(e). On July 9, 1986, McCarthy filed an amended motion to reconsider or in the alternative for relief under Rule 60(b) on the basis of new developments.

On July 31, 1986, the district court ordered the three previous orders stricken from the record as inappropriate and ruled that "[t]he reporter's transcript of the proceedings held on May 27, 1986, adequately sets forth the court's rulings and the bases for those rulings". McCarthy filed a timely notice of appeal on August 28, 1986.

## DISCUSSION

### 1. *Scope of Review, Standards of Review*

■ Defendants contend that McCarthy's notice of appeal on August 28 brings before us only the district court's denial of his motions under Rule 60(b). They argue that the notice of appeal does not indicate clearly McCarthy's intent to appeal from the June 17 summary judgment and dismissal of claims. We reject this argument.[1]

---

1. We have jurisdiction to consider an appeal from the June 17 judgment because McCarthy's timely Rule 59(e) motion tolled the time period for filing a notice of appeal. Fed.R.App.P. 4(a)(4); *Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 753 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986); *Herrington v. Sonoma County*, 706 F.2d 938, 939 (9th Cir.1983); *Calhoun v. United States*, 647 F.2d 6, 8 (9th Cir.1981), *disapproved on other grounds, Acosta v. Louisiana Dept. of Health and Human Resources*, —— U.S. ——, 106

A mistake in designating the order being appealed is not fatal "as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 451 (9th Cir.1983), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984); *see Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962) (It violates the spirit of the Federal Rules of Civil Procedure to avoid a decision on the merits on the basis of mere technicalities.). It can be fairly inferred that McCarthy intended to challenge the original summary judgment and dismissal when he designated the denial of his post-judgment motions as the order being appealed. In denying McCarthy's post-judgment motion, the district court incorporated the prior order of summary judgment and dismissal: "The reporter's transcript of proceedings on May 27, 1986, adequately sets forth the Court's rulings and the bases for those rulings." *See United States v. Walker,* 601 F.2d 1051, 1058 (9th Cir.1979). McCarthy's opening brief addressed the propriety of the district court's initial ruling. *See One 1977 Mercedes Benz,* 708 F.2d at 451. The defendants cannot claim prejudice because they also fully briefed the issues. We therefore consider the merits of the initial judgment.

We review a summary judgment *de novo,* determining whether there is a genuine issue of material fact and whether the law was correctly applied. *Fernhoff v. Tahoe Regional Planning Agency,* 803 F.2d 979, 982 n. 2 (9th Cir.1986). We review *de novo* a dismissal under Rule 12(b). *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986). We review the denial of motions under Rules 59(e) and 60(b) for abuse of discretion. *Federal Kemper Insurance Co. v. Rauscher,* 807 F.2d 345 (3d Cir.1986) (Rule 59(e)); *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978) (Rule 60(b)); *Swimmer*

*v. IRS,* 811 F.2d 1343, 1345 (9th Cir.1987) (Rules 59(e) and 60(b)).

## 2. *Governmental Defendants*

### A. Prosecutors

The district court granted summary judgment in favor of Mayo and Eggers on the ground that, as prosecutors, they enjoyed absolute immunity from suit. McCarthy contends that this was error. They acted without authority, McCarthy argues, because their appointments as Special Deputy Attorneys General violated state and federal law. McCarthy also contends that public policy requires a bad faith exception to absolute prosecutorial immunity.

A prosecutor is entitled to absolute immunity for quasi-judicial actions taken within the scope of his authority. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir.1986) (en banc). To determine whether an act is quasi-judicial and whether it is within a prosecutor's authority, we look to the nature or function of the ultimate act. *Ashelman,* 793 F.2d at 1076–78; *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 678 (9th Cir.1984); *see also Lerwill v. Joslin,* 712 F.2d 435 (10th Cir.1983) (Authority does not rest on technicalities of local law; the issue is whether the prosecutor is arguably empowered to perform the act).

McCarthy argues that the appointments of Mayo and Eggers as Special Deputy Attorneys General for the State of Hawaii violated the statutes providing for such appointments because they received too much compensation. He concludes that any actions they took were ipso facto without authority, and thus they cannot claim immunity. McCarthy failed to raise the issue in the district court and has given no reason for that failure. We reject his argument. Even if overpayment did eviscer-

S.Ct. 2876, 92 L.Ed.2d 192 (1986); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3950 at 364 (1977). The 30–day time period for filing the notice of appeal began

again on July 31 when the district court denied the Rule 59(e) motion. Fed.R.App.P. 4(a)(4); *Herrington,* 706 F.2d at 939; *Calhoun,* 647 F.2d at 8.

ate actual authority, it would not affect the prosecutors' apparent authority. A prosecutor only loses absolute immunity when his actions are clearly outside the scope of his authority. *See Ashelman*, 793 F.2d at 1077–78; *see also Lerwill v. Joslin*, 712 F.2d 435 (10th Cir.1983) (immunity not lost by technical violation of scope of authority where it reasonably appeared prosecutor was authorized to bring action).

Mayo and Eggers thus enjoy absolute immunity. *See Ashelman*, 793 F.2d at 1076. To hold otherwise would require a prosecutor to be concerned about the technicalities of his appointment and, consequently, could interfere with his exercise of independent judgment, a problem prosecutorial immunity was designed to alleviate. *See Imbler*, 424 U.S. at 423, 96 S.Ct. at 991.

 McCarthy also contends that public policy requires an exception to absolute prosecutorial immunity because of the egregious nature of this case. He contends that the prosecutors filed criminal charges knowing that the statute of limitations had run. We reject this argument. The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry. *Ashelman*, 793 F.2d at 1078. "[A]llegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of *bad faith, personal interest* or *outright malevolence*." *Id.* (emphasis added).

## B. Bank Examiners

The district court granted summary judgment in favor of state defendants Bitterman, Hong, Wee, and Lebb. They enjoyed qualified immunity, the court ruled, because McCarthy failed to allege that they did anything beyond the scope of their discretionary authority. Because he alleged malice, McCarthy argues, their acts were beyond the scope of their discretion and they are therefore not entitled to qualified immunity.

 An act within an official's discretion does not necessarily entitle that individual to section 1983 immunity. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), *cert. denied*, —— U.S. ——, 106

S.Ct. 3333, 92 L.Ed.2d 739 (1986). But a governmental official has immunity for discretionary acts so long as those acts do not violate a clearly established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Davis v. Scherer*, 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984); *see Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (qualified immunity available where the right violated was not clearly established at the time the act took place).

 McCarthy alleges that the defendants' conspiracy to maliciously prosecute him deprived him of due process. Malicious prosecution, normally a state law cause of action, rises to a constitutional due process violation only where the prosecution is conducted with the intent to deprive a person of a constitutional right. *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc). McCarthy alleges that the prosecution was intended to defame him. Defamation without more, is not a constitutional violation. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir.1986).

 McCarthy also alleges that the prosecution interfered with his freedom to contract. The Constitution protects freedom of contract only by limiting the states' power to modify or affect contracts already formed. *See* U.S. Const. Art I, § 10, cl. 1; *United States Trust Co. v. New Jersey*, 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 ·(1977) (addressing the purpose and limits of the contract clause). McCarthy alleges nothing more than the state law claims of intentional interference with prospective economic advantage or intentional interference with contractual relations. The civil rights statutes are not intended to federalize state tort law. *Paul*, 424 U.S. at 701, 96 S.Ct. at 1160. McCarthy also claims that the defendants' activities violated his first amendment rights of freedom of speech and association because "his ability to conduct both his business and personal affairs" was curtailed. This allegation also

implicates only state tort law and not the Constitution.

To the extent that McCarthy alleges an invasion of privacy, he attempts to extend the right of privacy to include having to appear and defend court proceedings. The Supreme Court has declined to extend the right of privacy beyond the privacy implicated by such specific constitutional guarantees as unreasonable searches, or rights fundamental to the concept of ordered liberty such as marriage, procreation, contraception, and family relationships. *See Paul*, 424 U.S. at 712–13, 96 S.Ct. at 1165–66. A court is a public tribunal, and witnesses can be compelled to attend. McCarthy's claim that defense of a lawsuit or criminal proceeding implicates a privacy right is unfounded.

McCarthy also contends that his right to due process was violated because the grand jury indictment was the result of conspiracy-induced prosecutorial mischief. Undoubtedly there is a constitutional right to be indicted by a fair grand jury. *United States v. Sears, Roebuck & Co.*, 719 F.2d 1386, 1391 (9th Cir.1983), *cert. denied*, 465 U.S. 1079, 104 S.Ct. 1441, 79 L.Ed.2d 762 (1984) ("Dismissal of an indictment is therefore warranted on constitutional grounds if prosecutorial misconduct has undermined the grand jury's ability to make an informed and objective evaluation of the evidence presented to it."). The only cognizable interest a defendant has in a grand jury proceeding is to have a "legally constituted grand jury make an informed and independent evaluation of the evidence to determine if there is probable cause...." *Id.* at 1391 n. 7. McCarthy's allegations of prosecutorial misconduct during the grand jury proceedings, however, are vague and conclusory. *See id.* at 1391 (dismissal of an indictment only warranted in flagrant cases of prosecutorial misconduct). In addition, the person directly responsible for any fifth amendment violation, the prosecutor, is absolutely immune from suit. Finally, to state a claim against the other defendants, McCarthy would have to allege that those individuals controlled the decision-making process of the prosecutor. *See Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir.1986). The complaint contains neither an allegation of control nor the facts to support such an allegation. McCarthy has therefore failed to state a claim under section 1983 against the bank examiner defendants for any prosecutorial misconduct during the grand jury proceedings.

### 3. *Non-Governmental Defendants*

The district court dismissed McCarthy's amended complaint as to the non-governmental defendants because: the amended complaint failed to state a claim upon which relief could be granted under sections 1983 and 1985; it failed to state a claim for malicious prosecution since it failed to allege that the prosecution terminated in McCarthy's favor; and it failed to allege satisfactorily that those defendants controlled the prosecution. McCarthy claims that he did allege race-based animus and a favorable termination of criminal prosecutions. He also claims that he alleged sufficient facts to prove control of the criminal prosecutions by the nongovernmental defendants and that a disputed question of material fact exists on the issue of control. We have carefully reviewed the record. Conclusory allegations with nothing more are insufficient to defeat the motion to dismiss. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 583 (9th Cir.1983).

### 4. *State Law Claims*

#### A. Malicious Prosecution

McCarthy contends that the district court erred in dismissing his state law claim for malicious prosecution. Hawaii law identifies three elements in a claim for malicious prosecution: termination of prior proceedings in plaintiff's favor; initiation of those proceedings without probable cause; and initiation of those proceedings with malice. *Myers v. Cohen*, 67 Haw. 389, 688 P.2d 1145 (1984). McCarthy's complaint does allege that all prior proceedings terminated in his favor. But his claim lacks the requisite element of lack of probable cause. In a federal prosecution, a grand jury determines whether probable cause exists. *See United States v. Sells Engineering, Inc.*, 463 U.S. 418, 423, 103 S.Ct. 3133, 3137, 77 L.Ed.2d 743 (1983). McCarthy was indicted by a grand jury,

and his allegations of prosecutorial misconduct during the grand jury proceedings are insufficient to state a claim that the indictment was constitutionally infirm. The grand jury's determination of probable cause is a barrier to McCarthy's ability to state a claim of malicious prosecution based on the fact of his federal prosecution.

Under Hawaii law, a grand jury also functions to determine whether probable cause exists. *See State v. Jenkins,* 1 Haw.App. 430, 620 P.2d 263, 267 (1980). There is also a presumption that the grand jury acted upon sufficient and legal evidence. *Id.; see also State v. Apao,* 59 Haw. 625, 637–38, 586 P.2d 250 (1978) (burden is on the defendant to present evidence that the grand jury deliberations were so infected as to invalidate the indictment). McCarthy's allegations of prosecutorial misconduct during the state grand jury proceedings are wholly vague, conclusory, and insufficient to overcome the presumption that the state grand jury's determination of probable cause was correct.

### B. Pendent Claims

McCarthy set forth approximately fifteen other claims for relief in his amended complaint, many of which constitute state law claims. All of the claims for relief rely on the same facts as his federal claim, and are merely alternative theories of recovery. The pendent state claims were properly before the district court. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The issue then is whether the district court properly exercised its discretion in reaching the merits of the state law claims after dispensing with the federal claims on their merits. *See Rosado v. Wyman,* 397 U.S. 397, 404–05, 90 S.Ct. 1207, 1213–14, 25 L.Ed.2d 442 (1970) (distinguishing this situation from a dismissal for lack of subject matter jurisdiction); *Bale v. General Telephone Co.,* 795 F.2d 775, 778 (9th Cir.1986).

It is usually appropriate to dismiss pendent state claims when federal claims are dismissed before trial. *See Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985); *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 651 (9th Cir.1984). Dismissal is not required, however. *See Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 903 (9th Cir. 1983); *State of Arizona v. Cook Paint & Varnish Co.,* 541 F.2d 226 (9th Cir.1976), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977). We recognize that the better procedure is to let the state court rule on pendent state claims, but where, as here, the propriety of the pendent state claims turns on questions about the federal grand jury indictment, the district court did not abuse its discretion in dismissing those claims with prejudice.

### 5. *Post-Judgment Relief*

On July 31, 1986, the district court entered an order regarding McCarthy's objections to the language in the previously entered orders[2] and McCarthy's amended 59(e) motion, which the court construed as a Rule 60(b) motion. The district court held that the language in the previous orders was inappropriate, because it was in the form of a judgment, and had the orders stricken from the record. The court denied Rule 60(b) relief because the "plaintiff has failed to make any showing why relief should be granted pursuant to Rule 60(b)."

In his Rule 60(b) motion, McCarthy alleged that "new developments" had occurred after the hearing. One new development was the judge's exclusion of an affidavit at the hearing because it had not been served on the opposing parties. (In making his ruling, the judge stated that even if he had considered the affidavit he would still have granted the motion.) Other "new developments" included: an affidavit of McCarthy's which alleged that in 1982 Ichinose and Yempuku had inappropriately approached a federal witness to offer immunity, which resulted in a letter to the Chief Disciplinary Counsel of the Hawaii State Bar[3] an affidavit that Mayo gave in a crimi-

---

2. These objections were treated as a Rule 59(e) motion.

3. The court was advised subsequent to oral argument that investigation determined that there was no violation of the Code of Professional Responsibility on the part of Ichinose.

nal proceeding involving McCarthy's prior business associates; and the dismissal on double jeopardy grounds of federal criminal proceedings against McCarthy's former business associates.

■ Rule 60(b) cannot be used as a substitute for an appeal. *Benny v. Pipes,* 799 F.2d 489, 494 (9th Cir.1986), *as amended,* 807 F.2d 1514 (9th Cir.1987), *petition for cert. filed* (June 9, 1987). McCarthy's contention regarding the exclusion of the affidavit is nothing more than dissatisfaction with a ruling of the court. As such, it would be appropriate for appellate review as opposed to Rule 60(b) relief. *See Plotkin v. Pacific Tel. & Tel. Co.,* 688 F.2d 1291, 1293 (9th Cir.1982) (legal error alone does not warrant Rule 60(b) relief). Moreover, Rule 60(b)(2) addresses "newly discovered evidence which by due diligence could not have been discovered...." McCarthy's motion dealt with evidence that had been in existence for years. He gave no explanation of why it had not been discovered earlier. We find no abuse of discretion in the court's denial of the 60(b) motion.

### 6. Sanctions

■ The government defendants seek attorney's fees on appeal. We may award attorney's fees and single or double costs to the prevailing party when an appeal is frivolous. *See* Fed.R.App.P. 38; 28 U.S.C. §§ 1912, 1927; *Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985). Title 42 U.S.C. § 1988 also allows an award of attorney fees to prevailing defendants in an action brought under 42 U.S.C. § 1983 when the action is groundless, without foundation, frivolous, or unreasonable. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). An appeal is frivolous when the result is obvious and the arguments on appeal wholly lack merit. *Grimes v. Commissioner,* 806 F.2d 1451 (9th Cir.1986). An appeal that lacks merit is not necessarily frivolous. *Id.* at 1454. Not all of the issues raised by McCarthy were completely without substance. We reject the request for sanctions.

AFFIRMED.

SKOPIL, Circuit Judge, dissenting in part:

I concur in all but part 4(B) of the majority's opinion. I disagree with the majority's conclusion that the district court did not abuse its discretion in reaching the merits of thirteen pendent state claims. Of the fourteen pendent state claims alleged in McCarthy's amended complaint, only the claim for malicious prosecution was argued and briefed by the parties. The remaining thirteen claims were neither briefed by the parties nor argued orally to the district court. The district court did not specifically refer to these claims in either its decision from the bench or in the judgment.

"When federal claims are dismissed before trial, the question whether pendent state claims should still be entertained is within the sound discretion of the district court." *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985) (per curiam). Dismissal of federal claims before trial generally dictates dismissal of the pendent state claims. *Id.; accord Gaff v. Fed. Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir.1987); *Baltimore Orioles v. Major League Baseball Players Assoc.,* 805 F.2d 663, 682 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987). The district court may retain jurisdiction to decide state claims if the record shows that the court and litigants have expended considerable time on the pendent claims before the claims were dismissed. *Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 904 (9th Cir. 1983); *see also Arizona v. Cook Paint & Varnish Co.,* 541 F.2d 226, 227–28 (9th Cir.1976) (not an abuse of discretion to refuse to vacate judgment on claims which had already been decided on the merits), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977).

In the case before us it was within the district court's discretion to retain jurisdiction over the malicious prosecution claim. That claim had been briefed by the parties and considered by the district court. I can only conclude, however, that the court abused its discretion in dismissing with prejudice the thirteen remaining pendent state claims. The district court had ex-

pended no effort in considering these claims. They were not contained in the original complaint, but only in the amended complaint filed the same day the dismissal was granted. The majority's assumption that the propriety of the pendent state claims turns on questions about the federal indictment is simply premature. The claims were never addressed.

I would remand to the district court with instructions to dismiss all the pendent state claims, except the claim for malicious prosecution, without prejudice.