Florence Sherman FLAVEL and Mary Louise Flavel, Plaintiffs,

v.

David LOGSDON; Robert Johnson; Glenn Larson; Dan Van Thiel; City of Astoria, Oregon; Clatsop County, Oregon; Harold Snow; Glenn Faber; Thomas Latham; and Western Waterbed Wholesalers, Defendants.

Civ. No. 88–1212–RE.

United States District Court, D. Oregon.

Aug. 15, 1989.

Kevin O'Connell, Christopher H. Kent, O'Connell & Goyak, Portland, Or., for plaintiffs.

Ronald E. Bailey, David A. Ernst, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendants Clatsop County and Glenn Faber.

Robert S. Wagner, Schwabe, Williamson & Wyatt, Portland, Or., for defendants Logsdon, Johnson, Larson, Van Thiel, Snow and City of Astoria.

Thomas Latham, Astoria, Or., pro se.

## OPINION

REDDEN, District Judge:

### BACKGROUND

Plaintiffs (mother and daughter) brought a civil rights action under 42 U.S.C. section 1983 against several defendants over a landlord-tenant dispute. Plaintiffs entered into a lease of their building in Astoria with defendant Thomas Latham. Latham carried on a retail waterbed business on the premises. Latham discontinued paying rent under the lease and plaintiffs proceeded nonjudicially to collect the rent. Plaintiffs attached a Landlord's Possessory Lien on the store's merchandise, and posted notices to that effect. Plaintiffs locked the tenant out pursuant to Oregon law and the lease. Plaintiffs allege that Latham unlawfully entered the premises on October 21, 1986, and that plaintiffs sought the aid of the Astoria Police Department, which refused to assist in a citizen's arrest.

On October 21, 1986, defendant Faber, a deputy district attorney for Clatsop County, was contacted at his home by Officer Logsdon of the Astoria Police Department. Defendants Faber and Clatsop County allege that members of the Astoria Police Department would often call the district attorneys for advice concerning criminal matters which needed immediate attention. Officer Logsdon told Faber that he had received a telephone call from Flavel concerning a landlord-tenant dispute. To wit: Flavel had locked out her tenant, Latham, and was demanding that Latham be arrested. Faber decided that the matter was civil in nature and advised Logsdon to take a crime report and forward it to the district attorney's office for possible submission to the grand jury.

A short time later, Officer Logsdon called back. He told Faber that Flavel wanted to arrest Latham and bring him to the Astoria Police Department. After reviewing the situation and the applicable criminal statutes cited by Flavel (ORS 133.-310), Faber concluded that it would be improper for the police to take Latham into custody. He again advised Logsdon to take a crime report from Flavel and for-ward it to the district attorney's office for possible criminal charges. Officer Logsdon subsequently took a crime report from Flavel and it was sent to the district attorney's office. The district attorney decided not to submit the matter to the grand jury.

Plaintiffs claim that the actions of all the defendants (including Clatsop County and Deputy District Attorney Faber) violated their constitutional rights, including their right to equal protection of the laws. Defendant Faber argues that he is absolutely immune from liability and therefore entitled to summary judgment. Defendant Clatsop County argues that it had no involvement in the events alleged in plaintiffs' complaint other than the fact that Faber was an employee of Clatsop County and therefore it is also entitled to summary judgment.

### STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c).

### DISCUSSION

1. *Timeliness*

Defendants argue in their reply that plaintiffs' response was not filed until 30 days after the summary judgment motion was filed, and asked that I not consider plaintiffs' late filed response. However, I did consider plaintiffs response and did allow plaintiffs to present oral argument.

2. *Faber*

Faber argues that as a deputy district attorney, he is entitled to immunity from claims under section 1983. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) and *McCarthy v. Mayo,* 827 F.2d 1310, 1314 (9th Cir.1987). *Imbler* holds a prosecutor is immune from a section 1983 suit when,

respondent's activities were intimately associated with the judicial phase of the criminal process, and thus were functions

to which the reasons for absolute immunity apply with full force. We have no occasion to consider whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate.

*Id.* 424 U.S. at 430–31, 96 S.Ct. at 995. The Ninth Circuit held that immunity attaches for all aspects of the prosecutor taken within the scope of this authority. *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir.1986).

The seventh, eighth and eleventh circuits have held that a prosecutor is absolutely immune for advising law enforcement officials to make or not make an arrest. *See Meyers v. Morris,* 810 F.2d 1437, 1448 (8th Cir.), *cert. denied,* 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987) (in providing advice to law enforcement officials concerning the existence of probable cause and the prospective legality of arrests, defendant was functioning in a quasi-judicial capacity as a prosecutor initiating the formal judicial process); *Henderson v. Lopez,* 790 F.2d 44, 46–47 (7th Cir.1986) (absolute immunity shields county attorney for function of advising county officials of the legality of detaining the plaintiff in jail) and *Marx v. Gumbinner,* 855 F.2d 783, 790 (11th Cir.1988) (prosecutor was entitled to absolute immunity when advising police officers whether probable cause existed to make an arrest).

Conversely, the tenth circuit has held that a prosecutor is not an advocate (under *Imbler's* definition) in initiating a prosecution and in presenting the state's case if he or she is merely giving legal advice to police officers. *See Benavidez v. Gunnell,* 722 F.2d 615, 617 (10th Cir.1983) (no absolute prosecutorial immunity for advising police officers to take action to retrieve children taken from foster home) and *Wolfenbarger v. Williams,* 826 F.2d 930, 937 (10th Cir.1987) (no absolute immunity for prosecutor giving legal advice to police to seize stolen property from pawn shops).

The ninth circuit has yet not ruled on this issue. In *Schlegel v. Bebout,* 841 F.2d 937 (9th Cir.1988), the court said that the question left open in *Imbler* is whether absolute immunity attaches to acts that are functionally, administrative or investigative. They held that investigative functions, carried out in preparation of a prosecutor's case, enjoy absolute immunity. *Id.* at 943. The court directed that the inquiry must center on the nature of the official conduct challenged, and not the status or title of the officer, and that the particular conduct must be examined. If the conduct is within the scope of defendants' authority, and is quasi-judicial in nature, the inquiry ceases since the conduct falls within the sphere of absolute immunity. *Id.*

■ The proper test is not whether the act performed was manifestly or palpably beyond a state official's authority, but rather whether it is more or less connected with the general matters *committed* to his or her control or supervision. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 678 (9th Cir.1984).

■ Here, Faber gave legal advice to the police when he advised them not to make an arrest. In the seventh and eighth circuits he would be entitled to absolute immunity, but not in the tenth circuit. The seventh and eighth circuit opinions are better reasoned. A prosecutor is entitled to absolute immunity when giving a police officer legal advice.

■ Under the *Schlegel* test, Faber's actions were connected with the general matters committed to his control or supervision, and were taken in his capacity as a prosecutor. He gave Logsdon legal advice concerning the officer's appropriate official response to a landlord-tenant dispute. Faber therefore performed a prosecutorial function and is entitled to immunity.

■ Plaintiffs' argument that Faber was acting beyond his authority as a deputy district attorney by advising *city* officials, as opposed to county officials, is rebutted by *Schlegel* and *Ybarra.* The proper test is *not* whether the act performed was manifestly or palpably beyond the authority, but whether the act was more or less con-

nected with the general matters *committed* to the control or supervision.

### 3. *Clatsop County*

■ Plaintiffs' complaint does not allege an independent basis of liability against Clatsop County. They only claim that Faber was a Clatsop County employee. Since Faber is immune, there liability for Clatsop County. Plaintiffs have failed to show any evidence of an unconstitutional policy or custom in Clatsop County to support their claim. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

### 4. *State Claims*

■ Plaintiffs also sue Faber and Clatsop County under the Oregon Torts Claim Act. ORS 30.265(2) provides that a public body is immune from liability for acts of an employee, when the employee is immune. Faber is immune and hence, Clatsop County is immune under ORS 30.265(2).

## CONCLUSION

Faber is entitled to immunity from liability under section 1983. His giving that legal advice to the police comes within his capacity as a prosecutor. *See Schlegel* at 942–43. Faber is entitled to summary judgement. Clatsop County is entitled to summary judgment because there is no allegation, nor any facts supporting a claim against the County, other than that Faber was a Clatsop County employee. The defendants are also entitled to immunity on plaintiffs' state law claims. *See* ORS 30.-265(2).

Defendants Clatsop County and Faber's summary judgment motion are granted. These defendants are dismissed from this case.