990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EMPLOYERS FIRE INSURANCE COMPANY, Plaintiff,
v.
A.C. SHAW CONSTRUCTION, INC., a Nevada corporation, Defendant,
and
Water & Waste Water Equipment Company, an Idaho corporation;
Defendant-cross-claimant-Appellant,
Wausau Underwriters Insurance Company, a Wisconsin
corporation; Defendant-cross-claimant-Appellee.
 No. 91-16585.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1993.
Decided March 29, 1993.
 
 Before NORRIS, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Water & Waste Water Equipment Company (WWW) appeals the summary judgment granted in favor of Wausau Underwriters Insurance Company. Through that judgment, Wausau obtained a declaration that its insurance policy issued to B & K Fabricators (and later purportedly assigned to WWW) did not provide coverage for an unsatisfied Nevada State court civil judgment. We affirm.
 
 
 3
 Our review of this case satisfies us that the magistrate judge and the district judge were exactly right. That is to say, there can be no doubt that there was no coverage under the policy, that the insured knew there wasn't, that Wausau never undertook the defense, and that counsel on the case was the insured's own counsel, not one supplied by the insurance company. See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc., 162 Cal.App.3d 358, 369, 208 Cal.Rptr. 494, 501-02 (Ct.App.1984). The attempt to impose liability on Wausau in a case where all parties to the insurance contract well knew that there was no coverage must come to naught. The district court did not err in granting summary judgment.[1]
 
 
 4
 Finally, Wausau requests sanctions against WWW under Fed.R.App.P. 38 because WWW filed a brief containing numerous false or misleading statements. We may award attorney's fees and costs on appeal where we determine that an appeal is frivolous. Fed.R.App.P. 38; 28 U.S.C. § 1912. "An appeal is frivolous when the result is obvious and the arguments on appeal wholly lack merit." McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir.1987). An appeal which lacks merit, but is not wholly without substance, is not necessarily frivolous. Id. We are troubled by the lack of candor and forthrightness displayed in WWW's briefing of this case. Moreover, the appeal is very close to the line that separates advocacy from frivolousness. Nevertheless, we are not prepared to say that the appeal is so devoid of substance that sanctions should be imposed. Thus, we do not award sanctions at this time.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The legal questions WWW attempts to raise on appeal are foreclosed by the underlying factual determinations. Whether or not Wausau issued an effective reservation of rights letter is beside the point. That issue does not arise unless the insurer assumes the insured's defense. See, e.g., Manzanita Park v. Insurance Co. of North America, 857 F.2d 549, 556 (9th Cir.1988) ("If an insurer defends its insured pursuant to a contractual duty, it must do so under a timely and sufficient reservation of rights in order to later dispute coverage.") (emphasis added). WWW's claim that Wausau is estopped from denying coverage fails for the same reason