996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Waldo E. WALDRON-RAMSEY, Plaintiff-Appellant,
v.
Donald O. MANNING, Fire Chief, Spokane County, et al.,
Defendants-Appellees.
 No. 91-36182.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Waldo Waldron-Ramsey, a Washington state prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 59(e) motion for reconsideration of the district court's denial of his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, and the denial of the Rule 59(e) motion for an abuse of discretion, McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir.1987). We affirm.
 
 
 3
 Waldron-Ramsey contends that his right of meaningful access to the courts was violated when officials of the Spokane County Jail refused to provide him with a specific number of photocopies of his legal documents. This contention lacks merit.
 
 
 4
 Indigent inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, this court has rejected any constitutional right to unlimited free photocopying. See Johnson v. Moore, 926 F.2d 921, 923 (9th Cir.1991), superseded on other grounds by Johnson v. Moore, 948 F.2d 517 (9th Cir.1991); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). A right of access claim that does not allege inadequate law libraries or alternative sources of legal knowledge must be based on an actual injury. Sands, 886 F.2d at 1171. "An actual injury consists of some specific instance in which an inmate was actually denied access to the courts." Id.
 
 
 5
 As the district court explained: "Plaintiff must show that as a result of the prison's refusal to provide photocopies, he was unable to present his case to the court.... Plaintiff has presented no evidence that he has been denied actual access." We agree with the district court's reasoning. Because Waldron-Ramsey has not alleged a specific instance in which he was actually denied access to the courts, the district court did not err by granting summary judgment for the defendants. Accordingly, the district court did not abuse its discretion by denying Waldron-Ramsey's Rule 59(e) motion.[1] See McCarthy, 827 F.2d at 1314.
 
 
 6
 Waldron-Ramsey also contends that the district court erred by denying his request to file a second amended complaint. This contention lacks merit.
 
 
 7
 Denial of leave to amend is amend is reviewed for abuse of discretion. Texaco Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). A motion for leave to amend should not be used as a vehicle to circumvent summary judgment. Schlacter-Jones v. General Tel. of Cal., 936 F.2d 435, 443 (9th Cir.1991) (denial of motion for leave to amend two years after summary judgment motion filed was not an abuse of discretion).
 
 
 8
 Waldron-Ramsey requested leave to file a second amended complaint fifteen days after the court granted summary judgment for the defendants. Further, the district court had previously granted Waldron-Ramsey's request to file a supplemental complaint and an amended complaint. Given these circumstances, the district court did not abuse its discretion by denying Waldron-Ramsey's motion to file a second amended complaint. See Texaco Inc., 939 F.2d at 798; Schlacter-Jones, 936 F.2d at 443.
 
 
 9
 Finally, Waldron-Ramsey contends that the district court erred by denying his motion for discovery sanctions. This contention also lacks merit.
 
 
 10
 The district court's denial of discovery sanctions is reviewable for an abuse of discretion. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992). A district court's denial of discovery sanctions should not be reversed " 'absent a definite and firm conviction that the district court made a clear error of judgment.' " Id.
 
 
 11
 Waldron-Ramsey filed his motion for discovery sanctions when defendant Manning did not respond to his interrogatories served prior to service of the summons and complaint in this action. Fed.R.Civ.P. 33(a) authorizes the service of interrogatories with or after service of the summons and complaint. See Fed.R.Civ.P. 33(a). Because Waldron-Ramsey served his interrogatories on the defendant before serving the summons and complaint, the district court did not abuse its discretion by denying discovery sanctions. See id.; Richmark Corp., 959 F.2d at 1473.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his motion for reconsideration, Waldron-Ramsey asserted that the real issue to be addressed in this action was retaliation by the defendants. However, this issue was not raised in Waldron-Ramsey's complaint, his supplemental complaint, or his amended complaint. Therefore, the district court did not abuse its discretion by denying the motion for reconsideration on these grounds. See McCarthy, 827 F.2d 1314