141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael GEORGE, an individual; Clinton Fields, an
individual, Plaintiffs-Appellants,
v.
COUNTY OF SAN DIEGO; Paul Pfingst, District Attorney;
Kathy Stephenson, Dan Lanborn; Does, one through
100, Defendants-Appellees.
 No. 97-55012.
D.C. No. CV-96-01234-RMB.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 6, 1998.*
Decided March 17, 1998.
 
 Appeal from the United States District Court for the Southern District of California Rudi M. Brewster, District Judge, Presiding.
 Before BRUNETTI, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Michael George and Clinton Fields filed the present suit pursuant to 42 U.S.C. § 1983, alleging that the San Diego County District Attorney's Office and the individually named prosecutors in this action have maintained a policy of charging criminal defendants with allegations barred as a matter of law, as well as violating the constitutional rights of defendants under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. According to appellants, these policies were maintained for the purpose of coercing criminal defendants into plea bargains so as to prevent such defendants from exercising their constitutional right to a jury trial. Appellants also allege several state law claims based upon the same underlying conduct.
 
 
 3
 The district court dismissed the complaint without leave to amend pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S .C. § 1291, and we affirm.
 
 I.
 
 4
 We review de novo a district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997). "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996).
 
 II.
 
 5
 Appellants first argue that the district court improperly dismissed the federal claims against the individual defendants, the District Attorney and several Deputy District Attorneys, on the ground that they were entitled to prosecutorial immunity. Prosecutors are entitled to absolute immunity for acts which are within the scope of their authority and are performed in a quasi-judicial capacity. See Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986) (en banc) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). The individual defendants in the present case clearly were acting within the scope of their authority when they charged and negotiated with the appellants as criminal defendants. See Ashelman, 793 F.2d at 1076; see also McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir.1987). Therefore, the district court did not err in dismissing the claims against the individually-named prosecutors.
 
 III.
 
 6
 Appellants also challenge the district court's dismissal of their federal law claims against the County of San Diego. The district court dismissed these claims on the ground that appellants failed to allege a policy or practice resulting in a constitutional violation. See Monell v. Dep't of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We affirm, but on a different basis. See Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996).
 
 
 7
 Under 42 U.S.C. § 1983, local governments may be held liable for constitutional injuries inflicted by their officials pursuant to municipal policy, practice, or custom. See Monell, 436 U.S. at 694. A local government's policies may be made by its lawmakers "or by those whose edicts or acts may fairly be said to represent official policy." Id. It is the duty of the court reviewing a § 1983 claim to "identify those officials or government bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." McMillan v. Monroe County, --- U.S. ----, ----, 117 S.Ct. 1734, 1736, 138 L.Ed.2d 1 (1997) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)).
 
 
 8
 Whether a particular official has final policymaking authority is dependent on an analysis of state law. McMillan, --- U.S. at ---- - ----, 117 S.Ct. at 1736-37. The California Supreme Court recently held in Pitts v. County of Kern, 17 Cal.4th 340, 70 Cal.Rptr.2d 823, 840, 949 P.2d 920 (Cal.1998), that no federal claim under § 1983 may be stated against a county based on the actions of its district attorney's office because a district attorney represents the state, and not the county, when preparing to prosecute and when prosecuting crimes, and when establishing policy and training employees in these areas. Because neither a state nor a state official acting in his or her official capacity is subject to suit for damages under § 1983, Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-64, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), appellants cannot state a valid federal claim.
 
 IV.
 
 9
 The district court did not abuse its discretion in declining to retain supplemental jurisdiction over appellants' state law claims once it dismissed their federal claims. See 28 U.S.C. § 1367(c); Patel v. Penman, 103 F.3d 868, 877 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1845, 137 L.Ed.2d 1048 (1997).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4