Francisco CONTRERAS, Plaintiff—Appellant,

v.

L. COLLINS; R. Velasquez; J. Martinez, Defendants—Appellees.

No. 01–16007.

D.C. No. CV–99–06342–AWI/SMS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Decided Oct. 30, 2002.

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,* District Judge.

MEMORANDUM**

California State prisoner Francisco Contreras appeals the district court's order dismissing his 42 U.S.C. § 1983 action without leave to amend, pursuant to the screening provisions of 28 U.S.C.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1915A(a).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's dismissal of Contreras's complaint without leave to amend. *Kennedy v. S. Cal. Edison Co.*, 268 F.3d 763, 767 (9th Cir.2001).

Contreras argues that the district court committed several procedural errors. We find it unnecessary to address these arguments, because Contreras's complaint fails to state an Eighth Amendment violation. We accept as true all allegations of material fact and construe those facts in the light most favorable to the prisoner. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000).

" '[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.' " *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (*quoting Cortes–Quinones v. Jimenez–Nettleship*, 842 F.2d 556, 558 (1st Cir.1988)).

> It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," .... For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

*Id.* at 834 (citations omitted). Although Contreras alleges that he was in danger of being assaulted, his fears were speculative.

The only basis for the belief that he was in danger was that he came from the same region as a gang with which he had no other connection. This allegation does not rise to the level of substantial risk that the Eighth Amendment requires. As a result, Contreras fails to meet the first component, as set out in *Farmer*, necessary to establish a failure to protect claim under the Eighth Amendment. Nevertheless, even if Contreras were able to establish the objective component, he fails to satisfy the second component. "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " *Farmer*, 511 U.S. at 834 (1994) (citation omitted). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.' In prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." *Id.* (citations omitted). Contreras failed to allege deliberate indifference. The fact that he was misclassified as a gang member is not enough. He failed to allege that the misclassification was intentional or reckless.

We therefore find that the district court's dismissal of Contreras's complaint was appropriate.[2]

**AFFIRMED.**

---

1. Contreras's notice of appeal refers only to the district court's denial of his motion to vacate the judgment. However, because he clearly intended to appeal from the underlying judgment, we construe his notice accordingly. *See McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir.1987).

2. We do not reach the allegations in Contreras's motion to supplement, because he voluntarily withdrew that motion. Contreras could have submitted an amended complaint listing all of his claims as the court had instructed, but he failed to do so.