**Juan Antonio NAVARRO–GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–71666.

Agency No. A92–815–421.

United States Court of Appeals, Ninth Circuit.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted June 14, 2005.*

Decided June 17, 2005.

Robert F. Jacobs, Downey, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Jennifer Lightbody, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM**

Juan Antonio Navarro–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's denial of his application for cancellation of removal. He also petitions for review of the Legalization Appeals Unit's ("LAU") denial of his application for legalization. The LAU is now referred to as the Administrative Appeals Unit ("AAU"). *See* 8 C.F.R. § 245a.2(p). We have jurisdiction under 8 U.S.C. §§ 1252 and 1255a(f)(4)(A), grant the petition for review, and remand to the AAU for further proceedings.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

■ The government contends that we lack jurisdiction to consider Navarro–Garcia's legalization-related claims, because he failed to refer to the LAU's order in his counseled petition for review. *See* Fed. R.App. P. 15(a)(2)(C) ("The petition must . . . specify the order or part thereof to be reviewed."). A day later, however, Navarro–Garcia filed a second, pro se petition, which did refer to the LAU's order. By the time this court issued an order mooting the latter petition, counsel had discussed the LAU's order in a brief supporting jurisdiction and a stay of removal. The issue was also prominent in Navarro–Garcia's opposition to the government's subsequent motion to dismiss, and in his opening brief.

Under these circumstances, and given that the only jurisdiction to review a denial of legalization is " 'within judicial review of an order of removal,' " *Guzman–Andrade v. Gonzales,* 407 F.3d 1073, 1077 (9th Cir. 2005) (quoting *Perez–Martin v. Ashcroft,* 394 F.3d 752, 757 (9th Cir.2005)), we conclude that Navarro–Garcia provided sufficient notice of his challenge to the LAU's order. *Cf. McCarthy v. Mayo,* 827 F.2d 1310, 1314 (9th Cir.1987) ("A mistake in designating the order being appealed is not fatal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." (internal quotation marks and citation omitted)).

■ Navarro–Garcia contends that the LAU failed to consider relevant orders of expungement that he submitted by certified mail prior to its 1993 decision. The government has not contested this claim. We therefore conclude that the LAU abused its discretion, as it was required to consider "such additional or newly discovered evidence as may not have been available at the time of the [legalization] determination." 8 U.S.C. § 1255a(f)(3)(B)

(1993). We remand for reconsideration of Navarro–Garcia's legalization application, *see Guzman–Andrade,* 407 F.3d at 1080, and need not reach Navarro–Garcia's contention that the agency should have issued him a notice of intent to deny.

■ Because Navarro–Garcia's legalization application will again be pending before the AAU, we vacate his removal order. His petition for review of the cancellation of removal application is moot.

**PETITION FOR REVIEW GRANTED; REMOVAL ORDER VACATED; REMANDED TO THE ADMINISTRATIVE APPEALS UNIT.**