FILED

MAR 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN S. PANGELINAN,

          Plaintiff - Appellant,

  v.

DAVID A. WISEMAN; et al.,

          Defendants - Appellees.

No. 08-16310

D.C. No. 1:08-cv-00004

MEMORANDUM [*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    John S. Pangelinan appeals pro se from the district court's judgment

dismissing his action under *Bivens v. Six Unknown Named Agents of Federal*

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JS/Research

*Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (immunity); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (failure to state a claim), and we affirm.

The district court properly concluded that the judges were immune to the extent they were sued for claims arising from their decisions in Pangelinan's lawsuits. *See Moore*, 96 F.3d at 1243-44 (explaining that federal judges are entitled to absolute immunity for judicial acts taken within their jurisdiction). The district court also properly concluded that the prosecutor was entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997) (explaining that a prosecutor acting in the scope of his or her duties in initiating and pursuing a criminal prosecution is entitled to absolute immunity). Further, the other federal defendants were entitled to immunity to the extent they were sued for executing court orders. *See Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764-65 (9th Cir. 1987).

The district court properly dismissed the claims against the non-federal defendants because Pangelinan's conclusory allegations are insufficient to show that these defendants acted under color of law. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming dismissal

of civil rights claim against private defendant where there were only conclusory allegations of conspiracy with government officials).

Moreover, Pangelinan's claim for retaliatory prosecution was properly dismissed because there was probable cause for the prosecution. *See Hartman v. Moore*, 547 U.S. 250, 265-66 (2006) (holding that, to state a claim for retaliatory prosecution, the plaintiff must allege and prove the absence of probable cause); *McCarthy v. Mayo*, 827 F.2d 1310, 1316-17 (9th Cir. 1987) (explaining that a grand jury determines whether probable cause exists in a federal prosecution, and affirming dismissal of malicious prosecution claim in light of grand jury's determination of probable cause).

The district court properly dismissed Pangelinan's challenge to the judgment against him in the RICO action as barred by the doctrine of res judicata. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-22 (9th Cir. 1988) (discussing res judicata). The district court also properly rejected Pangelinan's challenge to his criminal convictions. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that a 42 U.S.C. § 1983 action cannot be used to challenge a conviction); *Hartman*, 547 U.S. at 254 n.2 (explaining that a *Bivens* action is the "federal analogue" to a section 1983 action).

Pangelinan's challenge to the assignment of Judge Tydingco-Gatewood is unpersuasive. *See* 48 U.S.C. § 1821(b)(2).

The district court properly denied Pangelinan's request for entry of default against the federal defendants because these defendants filed timely motions to dismiss. *See* Fed. R. Civ. P. 55(a) (providing that a default can be entered against a party only where that party "has failed to plead or otherwise defend").

The district court did not abuse its discretion by issuing a pre-filing review order after giving Pangelinan notice and an opportunity to be heard, developing a record for review, making findings of previous harassing and frivolous litigation, and narrowly tailoring its order to address Pangelinan's particular abuses. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (reviewing for an abuse of discretion entry of a pre-filing review order against a vexatious litigant, and explaining factors that district courts must examine before entering such orders).

Pangelinan's remaining contentions are unpersuasive.

We deny the non-federal defendants' request for sanctions without prejudice to renewal upon proper motion. *See* Fed. R. App. P. 38.

The clerk shall file the reply briefs received on August 3, 2009.

**AFFIRMED.**