**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICKEY CALHOUN,

　　　　　Plaintiff - Appellant,

　　v.

DEPARTMENT OF CORRECTIONS; et
al.,

　　　　　Defendants - Appellees.

No. 08-35812

D.C. No. 2:07-cv-01759-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted October 19, 2010 [**]

Before:　　O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

　　Rickey Calhoun appeals pro se from the district court's judgment dismissing

his civil rights action against the Washington State Department of Corrections.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Cholla Ready Mix,*

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  We may affirm on any ground supported by the record.  *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir. 2003).  We affirm.

The district court correctly concluded that Calhoun's claims under 42 U.S.C. §§ 1983, 1985 and 1986 are barred by the Eleventh Amendment.  *See Cerrato v. San Francisco Comty. Coll. Dist.*, 26 F.3d 968, 972, 975 (9th Cir. 1994) (claims brought against state entity under §§ 1983, 1985 and 1986 were barred by Eleventh Amendment).

The district court properly dismissed the action without leave to amend because it is clear from the face of Calhoun's complaint that his claims are time-barred; his complaint cannot be cured by amendment.  *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060-61 (9th Cir. 2004); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ("appropriate statute of limitations in § 1983 action is the three-year limitation of Wash. Rev. Code § 4.16.080(2)").  The district court also properly dismissed Calhoun's state law claim.  *See Cholla Ready Mix, Inc.*, 382 F.3d at 973-74 (Eleventh Amendment bars suits in federal court against states on the basis of violations of state law); *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir. 1987) (district court did not abuse its discretion in dismissing

state claims with prejudice where the propriety of pendent state claims turned on the same facts as dismissed federal claims).

Calhoun's remaining contention that the District Court erred when it ignored his allegations of conspiracy and collusion is unpersuasive.

**AFFIRMED.**