952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joaquin RUIZ, Bernadette Ruiz, husband and wife,
individually and on behalf of Peter Ruiz, a minor
Plaintiffs-Appellants,
v.
ELI LILLY AND COMPANY, a foreign corporation/petitioner;
Abbott Laboratories, a foreign corporation/petitioner;
Merck, Sharp & Dohme Corp., Division of Merck & Company, a
foreign company; Upjohn Company, a business entity; Rexall
Corporation, fka Rexall Drug Company; E R Squibb & Sons, a
foreign corporation; Lemmon Company, a foreign corporation,
successor to Premo Pharmaceutical Laboratory, Inc., a
foreign corporation; Nestlemur, a Delaware Corporation,
successor to E.S. Miller Laboratories, a division of Smith,
Miller & Patch; Mcneil Laboratories Inc., a foreign
corporation; Winthrop Sterns Co., a foreign corporation;
Premo Pharmaceutical Laboratories, Inc., a foreign
corporation; Cooper Laboratories, Defendants-Appellees.
 Nos. 91-16449, 90-16719.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 17, 1991.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joaquin and Bernadette Ruiz ("appellants") appeal the district court's grant of partial summary judgment in favor of the appellee pharmaceutical companies for injuries suffered by Ms. Ruiz and the Ruizes' minor child, Peter, as a result of Ms. Ruiz's mother's ingestion of DES. We affirm.
 
 STATEMENT OF CASE
 
 3
 The appellants filed their complaint against seventeen pharmaceutical manufacturers of DES alleging negligence and strict liability causes of action for injuries sustained by Bernadette Ruiz and the Ruizes' minor son, Peter. Ms. Ruiz's mother ingested DES in 1953 when she was pregnant with Ms. Ruiz.
 
 
 4
 The appellees moved for summary judgment on the strict liability claims based on Ariz.Rev.Stat.Ann. § 12-551, which bars claims for strict products liability which accrue more than twelve years after the product is first sold. Appellants opposed the summary judgment motion on the sole ground that the statute violated the Arizona Constitution. The district court granted partial summary judgment on the strict liability claims. Appellants timely appealed the judgments entered under Fed.R.Civ.P. 54(b).
 
 DISCUSSION
 
 5
 The parties stipulated that Ms. Ruiz's mother last ingested DES in 1953. The injuries to Peter Ruiz occurred in 1986. The injuries to Ms. Ruiz occurred at or before that time, as did those to Mr. Ruiz. On its face, Ariz.Rev.Stat.Ann. § 12-551 applies to bar the appellants' claims. The district court granted summary judgment based on section 12-551 despite appellants' claim that the statute violates the Arizona Constitution. The Arizona Supreme Court had previously declared that section 12-551 did not violate the state constitution. Bryant v. Continental Conveyor & Equip. Co., 156 Ariz. 193, 751 P.2d 509 (1988). In granting summary judgment, the district court was following the law as declared by the state's highest court[1], which it was bound to do. Erie v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); Reding v. Texaco, Inc., 598 F.2d 513, 519 (9th Cir.1979). The district court did not err in granting summary judgment on the strict products liability claims.
 
 
 6
 The appellants' claim that section 12-551 violates the United States Constitution is raised for the first time on appeal. We therefore decline to consider that claim. See Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 655-56 (9th Cir.1984) (appellate court ordinarily will not address claims raised for first time on appeal where plaintiff shows no exceptional circumstances for failure to raise issue below).
 
 
 7
 In light of the fact that the question of whether section 12-551 violates the United States Constitution would have been one of first impression in this circuit, had we determined that we should hear it, we decline to award sanctions against the appellants. See McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir.1987) (appeal which is not wholly without substance not necessarily frivolous; appellate court may decline to award fees).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Arizona Supreme Court is vested with the ultimate interpretation of the state constitution. Pool v. Superior Court, 139 Ariz. 98, 677 P.2d 261 (1984)