687 P.2d 996

**Jerald CRITTENDEN,
Plaintiff-Respondent,**

v.

**Wilbur D. CRANE and Pauline Crane,
his wife, Defendants-Appellants.**

No. 14268.

Court of Appeals of Idaho.

Aug. 31, 1984.

Brent J. Moss, Rexburg, for defendants-appellants.

W. Brent Eames, Rexburg, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a judgment awarding damages to a real estate purchas-

er after the sellers breached the sales agreement. Mr. and Mrs. Crane, the sellers, challenge on appeal certain findings of fact and conclusions of law entered by the district court. Specifically, they contest a finding that mutual assent to all essential terms had occurred and a conclusion that partial performance removed the contract from the requirements of the statute of frauds. We affirm.

The following facts were found by the district court. In the spring of 1977, Jerald Crittenden entered into an agreement with William [1] and Pauline Crane to purchase a parcel of land owned by the Cranes. This agreement was reduced to writing, using a pre-printed form. It was signed by the Cranes and Crittenden. Dated May 29, 1977, the contract described the property, stated the sales price of $6000 and gave Crittenden possession of the property as of June 1, 1977. However, no reference was made to method or manner of payment. The contract did not indicate whether the Cranes would finance the sale or that Crittenden was obligated to seek outside financing. No closing date for the transaction was specified, nor was interest or any interest rate mentioned. The document contained blank spaces where additional terms could be inserted.

Testimony at trial indicated that the omitted terms—the time and method of payment—were left to future agreement, and that the parties subsequently orally agreed to a fixed date for payment. Following interim payments by Crittenden totaling $450, the parties established August 30, 1978 as the date on which he was required to pay the balance of the sale price. On August 29, 1978, Mrs. Crane, convinced that Crittenden had made no effort to secure financing, informed Crittenden that she would not transfer title the next day. In light of Mrs. Crane's refusal to provide a deed, Crittenden made no tender of the balance of the purchase price on the appointed day. He later filed suit

for specific performance or, alternatively, for recovery of damages for breach of the contract.

The district court determined that all essential terms, including those added by subsequent agreement, mutually were agreed to by the parties. However, the district court held that the contract did not satisfy the statute of frauds, and the court relied upon partial performance by Crittenden to remove the agreement from the statute's requirements. Because the property had since been sold by the Cranes to a third party bona fide purchaser, the court concluded that specific performance would be "impractical." Instead, damages were awarded to Mr. Crittenden.

The Cranes raise two issues in this appeal. First, did the parties mutually agree to the essential terms of the agreement so that a valid contract was formed? Second, were the acts of the buyer sufficient under Idaho law to remove the contract from the requirements of the statute of frauds? Mr. Crittenden has not cross-appealed the district court's decision to award damages rather than to grant specific performance, nor has he contested the amount awarded.

■ The Idaho statute of frauds provides that a contract to convey realty is invalid unless the contract itself or a memorandum thereof is in writing. I.C. § 9–505. Although the statute does not provide for a particular form of language or instrument, the essentials of the agreement must be contained in writing to be sufficient. In *Hoffman v. SV Company, Inc.*, 102 Idaho 187, 190, 628 P.2d 218, 221 (1981), our Supreme Court held that, to satisfy the statute of frauds, "[t]he memorandum must plainly set forth the parties to the contract, the subject matter thereof, the price or consideration, a description of the property and all the essential terms and conditions of the agreement."

■ Whether there was a meeting of the minds to all essential terms of the

---

1. In the caption of this case, the defendant-appellant Mr. Crane's name appears as "Wilbur D. Crane." However, at trial Mrs. Crane testified that her husband's first name is William. Mr. Crane did not testify at trial.

contract is a determination for the trier of fact. *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). On appeal, findings of fact entered by the trial court will not be set aside unless clearly erroneous. I.R.C.P. 52(a). A finding is not clearly erroneous if there is substantial competent, though conflicting, evidence to support that finding. *Rasmussen v. Martin, supra.*

 The record discloses that the terms omitted from the May 29, 1977 written agreement, specifically the time and manner of performance, were later assented to by both parties. The failure of the parties to reach an agreement initially as to the payment date was not fatal to their contract. "Where no time is expressed in a contract for its performance, the law implies that it shall be performed within a reasonable time as determined by the subject matter of the contract, the situation of the parties, and the circumstances attending the performance." *Curzon v. Wells Cargo, Inc.,* 86 Idaho 38, 43, 382 P.2d 906, 908 (1963). Here, the parties ultimately fixed and agreed to a due date, August 30, 1978. The date and amount due were set out in writing in letters from the Cranes' attorneys to Crittenden and to the closing agent, a local title company. A deed, signed and acknowledged by the Cranes, was also mailed to the closing agent. Thus, the missing terms of the contract were supplied, and there was a contract that fully complied with the statute of frauds.

 There was substantial evidence indicating the existence of an agreement between the parties, and the district court's findings in that regard will not be disturbed. I.R.C.P. 52(a). Because the agreement was expressed in a written contract, as later supplemented by written correspondence, and contained all the essential terms and conditions, we hold, as a matter of law, that it did not violate the statute of frauds. Therefore, the district court's conclusion—that the seller was liable in damages for breach of the contract—is correct, although on a different theory, and will be affirmed. *Goodwin v. Nationwide Ins. Co.,* 104 Idaho 74, 656 P.2d 135 (Ct.App. 1982).

The Cranes also contest a finding by the district court that part performance by the buyer removed the contract from the requirements of the statute of frauds. We need not reach the merits of this issue. The court's finding would be pertinent on appeal only if we upheld the district court's determination that the statute of frauds had been violated. We have held to the contrary. Moreover, part performance would be a viable issue only if the district court had in fact granted specific performance of the contract in equity, which it did not do. I.C. § 9–504. We conclude that the court's findings regarding removal of the contract from the statute of frauds by virtue of part performance are irrelevant.

The judgment awarding damages for breach of contract is affirmed. Costs to respondent, Crittenden.

BURNETT and SWANSTROM, JJ., concur.