794 P.2d 1152

**ROEDER MINING, INC.,
Plaintiff–Respondent,**

v.

**Robert E. JOHNSON; Michael J. Bruce; Sarah L. Bruce; Paul D. Jernigan; Diane Jernigan and Patricia Johnson, Defendants–Appellants.**

No. 18068.

Court of Appeals of Idaho.

July 6, 1990.

Brian R. Hanson (argued), Holland & Hart, Langroise, Sullivan, Boise, for defendants-appellants.

Barry L. Marcus (argued), Marcus, Merrick & Montgomery, Boise, for plaintiff-respondent.

Before BURNETT and SWANSTROM, JJ., and McQUADE, J. Pro Tem.

PER CURIAM.

This case involves a dispute over a mining contract. The dispositive issue raised on appeal is whether the contract is ambiguous. For reasons discussed below, we affirm the district court's interpretation of the contract.

The facts are as follows. Robert E. Johnson and Roeder Mining, Inc. entered into a seven-year lease. The lease agreement granted Roeder Mining the right to mine Johnson's land for gold and other precious minerals in return for certain royalties. The agreement also provided that the mining company was to receive an expense allowance from the land owner for "material mined." In the course of its mining operations, the mining company expended approximately $450,000 to relocate a county road, to construct settling ponds and to excavate approximately one acre of material at a depth of twenty feet. Unfortunately, the material excavated did not contain a sufficient amount of gold to warrant processing. A dispute arose as to whether the mining company would be entitled to an expense allowance—to be deducted from future royalties—for this excavated material. Unable to resolve this dispute, the mining company filed a claim in the district court and the land owner filed a counterclaim. Both parties alleged the other had breached the contract. The mining company moved for summary judgment and the district court granted its motion. The district court then awarded the mining

company attorney fees. This appeal followed.

On appeal, the dispositive issue is whether the lease is ambiguous. The land owner argues that it is, contending that the disputed term "material mined" could mean all material excavated from the earth or that material which is processed after excavation. According to the land owner, if "material mined" means processed material, the mining company would not be entitled to a production expense allowance for the unprocessed material. The mining company counters that the contract is unambiguous because "material mined" has only one reasonable definition: all material excavated from the earth. Therefore, the mining company claims a right to an expense allowance for any unprocessed but excavated material. We agree with the mining company.

■ Preliminarily, we note our standard of review. The determination whether a contract is ambiguous presents a question of law over which we exercise free review. *DeLancey v. DeLancey*, 110 Idaho 63, 714 P.2d 32 (1986). Where the language of a contract is clear, we deem the contract to be unambiguous. *See Wood v. Simonson*, 108 Idaho 699, 701 P.2d 319 (Ct.App.1985). But if the contract contains absurdities or contradictions, the contract is deemed ambiguous and the court may look to extrinsic evidence to determine the parties' intent. *See Abel v. School District No. 413*, 108 Idaho 982, 703 P.2d 1357 (Ct. App.1985); *Jensen v. Westberg*, 109 Idaho 379, 707 P.2d 490 (Ct.App.1985).

Here, the contract states in pertinent part:

Lessee shall deliver to Lessor a share of the mineral produced on the following basis:

(a) First year: 50% of all placer gold produced after Lessee recovers a production expense allowance of .035 troy ounces of placer gold per ton of *material mined* for the first 25,000 tons and .0175 troy ounces per each ton thereafter. [Emphasis added.]

Unfortunately, the phrase "material mined" is not defined in the lease agree-

ment. In common parlance, mining is removing material from the earth. The term "material mined" as used above denotes material removed, unqualified by an additional requirement of processing. Elsewhere in the lease, the term "mining" is frequently distinguished from "processing" of materials. For example, the lease imposes an obligation on the mining company to show "due diligence" in "working the land *and* processing the ore." Moreover, the lease states that "mining *and* processing" may be suspended by the lessee when prevented by weather.

■ Having carefully examined the lease in its entirety, we conclude that the parties did not intend the term "mining" to include processing. Instead, mining and processing are two separate procedures. Because we believe the term "material mined" refers only to material removed from the earth, we conclude the district court correctly found the lease to be unambiguous. We note that in determining that the contract was unambiguous, the district court considered some extrinsic evidence. This was error. The court should have confined itself to the document in resolving the ambiguity issue. However, the error does not require reversal because we reach the same result.

We now consider the district court's award of attorney fees to the mining company, pursuant to the contract terms. Although the landowner has contested this award on appeal, he conceded in oral argument that the contract provides for the prevailing party to receive attorney fees. Therefore, we will not disturb the district court's order awarding fees. Moreover, as the prevailing party in our decision, the mining company is entitled to a further amount on appeal, to be computed under I.A.R. 41.

The judgment of the district court is affirmed. Costs and attorney fees to respondent, Roeder Mining.