898 P.2d 82

**Ordell HESS and Virginia Hess, husband and wife, Plaintiffs–Respondents–Cross Appellants,**

v.

**Teresa WHEELER, Defendant,**

and

**Jennifer L. Monson, an individual, Defendant–Appellant–Cross Respondent.**

No. 21306.

Court of Appeals of Idaho.

July 7, 1995.

152

Racine, Olson, Nye, Cooper & Budge, Pocatello, for appellant. Mitchell W. Brown argued.

Blaser, Sorensen & Hansen, Blackfoot, for respondents. Scott H. Hansen argued.

PERRY, Judge.

This case involves a personal injury claim stemming from an August 11, 1992, automobile accident. Ordell and Virginia Hess (hereinafter Hess), filed suit to recover damages from Jennifer Monson as the operator of the vehicle causing the accident. Following a combined hearing on Monson's motion for summary judgment and Hess's motion to set aside an alleged settlement agreement, the district court found that the parties had entered into a settlement agreement. The district court further found that summary judgment was precluded because there remained a genuine issue of material fact bearing upon Hess's contention that the settlement agreement was unenforceable and should be set aside. Upon Monson's request, the district court entered a partial summary

judgment regarding these findings and issued an I.R.C.P. 54(b) certificate.

Monson appeals from the district court's partial summary judgment. Hess cross-appeals, contesting the district court's finding of a settlement agreement. We conclude that the district court's finding of a settlement agreement between the parties is supported by the undisputed evidence and that the district court properly found there was an issue of fact material to Hess's assertion that the agreement should be set aside. Therefore, we affirm the partial summary judgment.

## I.

### FACTS

On August 11, 1992, in Blackfoot, Hess's vehicle was struck from behind by a vehicle driven by Monson. Hess, who was treated at the scene of the accident before being transported to a hospital, suffered injuries initially diagnosed as cervical pain located at the back of her neck. Hess was treated for these injuries through March 5, 1993, when she was released with a prognosis that she was restored to pre-trauma status.

Through her counsel, Hess entered into negotiations with Monson's insurer and extended an offer to settle the claim for $7,000 in February 1993. After rejecting Monson's counteroffer, Hess reiterated her $7,000 offer. Monson, through her insurer, accepted the offer and forwarded a settlement check and release to Hess's counsel in April 1993. Hess, however, rejected the settlement check and sought to increase the settlement by the amount of a subrogation claim for medical bills paid by Hess's insurer. Despite the parties' agreement to settle the claim for $7,000, Hess filed suit on July 6, 1993. In August 1993, Hess began to suffer from recurring pain in her neck and right arm, which was diagnosed as a herniated disc at C5–6. As a result, Hess underwent surgery and incurred medical expenses for which she also sought reimbursement in her suit.

Monson filed an answer and asserted an affirmative defense that the claim had been settled, although Hess had attempted to repudiate the settlement agreement. Monson then filed a motion for summary judgment based upon the settlement agreement. Hess submitted affidavits in opposition to Monson's summary judgment motion and also filed a motion to set aside the settlement agreement. It was Hess's position that no settlement had been reached. Alternatively, Hess alleged that even if there was a settlement agreement, it was unenforceable and should be set aside because Hess was unaware of the nature and extent of her injury when the settlement was negotiated. A hearing was held on both motions on January 28, 1994, where the district court treated Hess's motion to set aside as a cross-motion for summary judgment. After the hearing, the district court determined that the parties had entered into a settlement agreement. The district court further found that a genuine issue of material fact remained, precluding summary judgment on whether the settlement agreement should be set aside.

Monson filed a motion for reconsideration, which was denied. Monson then requested an I.R.C.P. 54(b) certificate, which the district court issued in conjunction with the entry of its partial summary judgment on the existence of the settlement agreement.

## II.

### ANALYSIS

Monson appeals from the district court's partial summary judgment. The district court concluded that a genuine issue of material fact existed as to whether the full extent of the neck injury suffered by Hess was reasonably foreseeable when the settlement agreement was reached. The practical effect of the district court's conclusion was a denial of the summary judgment requests of both parties. It is well established, however, that the denial of a motion for summary judgment is ordinarily both non-appealable, under I.A.R. 11(a), and non-reviewable. *Watson v. Idaho Falls Consol. Hosp., Inc.,* 111 Idaho 44, 46, 720 P.2d 632, 634 (1986); *Vincen v. Lazarus,* 93 Idaho 145, 456 P.2d 789 (1969); *Keeler v. Keeler,* 124 Idaho 407, 410, 860 P.2d 23, 26 (Ct.App.1993); *Evans v. Jensen,* 103 Idaho 937, 941, 655 P.2d 454, 458 (Ct.App.1982).

However, a partial summary judgment certified by the trial court to be final as provided by I.R.C.P. 54(b), such as the partial summary judgment in this case, qualifies as an appealable order under I.A.R. 11(a)(3). Thus, we conclude that the district court's partial summary judgment, including its findings of: (1) the formation of an agreement; and (2) a material issue of fact precluding summary judgment on Monson's motion, is properly reviewable. In so concluding, we do not imply that a motion for summary judgment is an appropriate method through which a party may seek to set aside a settlement agreement. Nor do we decide whether the I.R.C.P. 54(b) certificate was improvidently granted in this case, as the issue is not before us.

## A. FINDING OF AN AGREEMENT

We begin by addressing the issue raised in the cross-appeal as its resolution is necessary to Monson's challenges to the district court's partial summary judgment. In the cross-appeal, Hess asserts that the district court erred in finding that a settlement agreement was made because there was conflicting evidence upon which reasonable persons might differ. She also argues that evidence of mutual mistake and misrepresentation presents questions of fact which preclude an award of summary judgment in Monson's favor on that issue.

■ Whether there was a meeting of the minds as to all essential terms of the contract is a determination for the trier of fact. *Johnson v. Allied Stores Corp.*, 106 Idaho 363, 679 P.2d 640 (1984); *Dante v. Golas*, 121 Idaho 149, 151, 823 P.2d 183, 185 (Ct.App.1992). A settlement contract stands on the same footing as any other contract and is governed by the same rules that are applicable to contracts generally. *Suitts v. First Security Bank of Idaho*, 125 Idaho 27, 32, 867 P.2d 260, 265 (Ct.App.1993), *citing Wilson v. Bogert*, 81 Idaho 535, 542, 347 P.2d 341, 345 (1959). The intent of the parties to an oral agreement or stipulation is to be determined by the surrounding facts and circumstances of each particular case. *Conley v. Whittlesey*, 126 Idaho 630, 634, 888 P.2d 804, 808 (Ct.App.1995).

■ Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Perkins v. Highland Enterprises, Inc.*, 120 Idaho 511, 516, 817 P.2d 177, 182 (1991); *Kelly v. Hodges*, 119 Idaho 872, 874, 811 P.2d 48, 50 (Ct.App.1991). In making those determinations, the reviewing court will construe all facts in the record, together with all reasonable inferences, in the light most favorable to the party opposing the motion for summary judgment. I.R.C.P. 56(c); *Kelly*, 119 Idaho at 874, 811 P.2d at 50.

■ Here, the letter of February 24, 1993, from Hess's counsel to Monson's insurer was an offer to settle. Hess's counsel renewed the offer to settle on March 10, 1993, in a telephone conversation with Monson's insurer. The insurer's actions in sending the $7,000 check and release were an acceptance of the offer to settle extended by Hess's counsel on March 10, 1993. The district court held that the offer and acceptance constituted a settlement agreement and partially granted summary judgment. Construing all facts in the record, together with all reasonable inferences in favor of Hess, we find no error in the district court's determination that the parties had reached a settlement agreement.

## B. QUESTIONS OF FACT PRECLUDING SUMMARY JUDGMENT

■ On appeal Monson asserts that the district court erred in finding that questions of fact remained for determination by a jury. Contending that Hess's neck injury was known at the time of the settlement and that the herniated disc was but an unknown consequence of the neck injury, Monson argues that the district court should have denied Hess's motion to set aside the settlement. Monson also argues that the settlement was meant to effect a resolution of all of Hess's claims for injuries sustained in the accident and, therefore, that the district court erred in concluding that, as a matter of law, Monson was not entitled to summary judgment.

In ruling on the parties' cross motions, the district court held that whether the serious-

ness of Hess's injury, a herniated disc, was reasonably foreseeable at the time of the settlement, was a question of fact for a jury. This factual question was relevant to whether the settlement agreement should be set aside and, therefore, formed the basis for the denial of Monson's motion for summary judgment. In denying the motion, the district court focused on the case of *Ranta v. Rake,* 91 Idaho 376, 421 P.2d 747 (1966).

In *Ranta,* our Supreme Court adopted the majority view on the question of whether a general release may be repudiated in the event of discovery of undiagnosed injuries at the time of the execution of the release. The Court stated:

> [W]hile recognizing the policy of encouraging out-of-court settlements of personal injury claims, [the majority view] permits a releasor to avoid a release where unknown injuries existed at the time the release was executed though the release invariably is broad enough to encompass unforeseen injuries and though the release was honestly obtained without fraud, overreaching or undue influence on the part of the releasee.

*Id.* at 380, 421 P.2d at 751. Ranta, who was injured in a auto accident, was treated in the hospital emergency room, suffering from contusions, lacerations and a back injury. Ranta was able to return to work within a few days, but his injuries were followed by his treating physician for approximately one month. With the advice of his physician that the relatively minor back injury would improve, Ranta settled his claim and executed a release. Finding that Ranta intended to effect a complete release as to the condition of his back, the trial court entered judgment against Ranta in his suit to avoid the release after a much more serious disc injury was discovered. The Supreme Court reversed the decision of the trial court and concluded that the consideration received by Ranta in the settlement was not consistent with an awareness that the injury was or might become as serious as in fact it did, and was a trifling amount compared to the losses which Ranta subsequently incurred. The Court went on to hold that Ranta's release could be avoided irrespective of the terms of the re-

lease where it later appeared that a herniated disc existed, unknown to Ranta, at the time he executed the release.

We are unable to distinguish Hess's case from *Ranta.* We recognize that Hess, as the releasor, has the burden of proving the reasons for setting aside the settlement by clear, satisfactory and convincing evidence. *Id.* at 381, 421 P.2d at 752. Hess also bears the burden as the non-moving party on the summary judgment motion to set forth facts as would be admissible in evidence, showing that there is a genuine issue for trial. I.R.C.P. 56(d). By the affidavits and medical records that she placed in evidence, Hess successfully raised the factual question of whether the herniated disc, which was discovered approximately one year after the accident and four months after the date of the settlement agreement, was or should have been known at the time of the settlement. This foreseeability question is one of fact which precludes summary judgment. Therefore, the district court properly refused to grant summary judgment enforcing the settlement agreement.

### III.

### CONCLUSION

We leave undisturbed the district court's finding of a settlement agreement between the parties. We affirm the district court's order on Monson's motion for summary judgment. Because this Court is not "left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation," *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979), we decline to award attorney fees. Costs are awarded to respondent, Hess.

WALTERS, C.J., and LANSING, J., concur.