**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN M. FERGUSON, as the Father
of and on behalf of Richard F.
McLeod,
            *Plaintiff-Appellant,*

v.

COREGIS INSURANCE COMPANY,
            *Defendant-Appellee.*

No. 06-35867

D.C. No.
CV-05-00321-
EJL/MHW

OPINION

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted
April 7, 2008—Seattle, Washington

Filed June 3, 2008

Before: David R. Thompson, William A. Fletcher, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Gary I. Amendola, Amendola, Anderson & Doty, PLLC, Coeur d'Alene, Idaho, for the plaintiff-appellant.

Brian K. Julian, Amy G. White, Anderson, Julian & Hull, LLP, Boise, Idaho, for the defendant-appellee.

---

**OPINION**

PER CURIAM:

What happens when an insurance company includes a policy endorsement meant to reduce the dollar limits to which it will respond for its policyholder's liability, but does so by reference to a non-existent standard? What should happen: the endorsement is ineffective to reduce those limits.

Plaintiff-Appellant, John M. Ferguson, filed this action on behalf of his son, Richard F. McLeod, in Idaho state court seeking a declaratory judgment as to the "general liability limit" of the insurance policy ("the Policy") sold to the Coeur d'Alene School District by the Defendant-Appellee, Coregis Insurance Company. Coregis removed the action to federal district court, invoking that court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Coregis then filed a motion for summary judgment; Ferguson responded and filed a cross-motion for summary judgment. The district court denied Ferguson's motion, but granted Coregis's.

We review the district court's rulings on summary judgment *de novo*. *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). We reverse both the district court's grant of summary judgment in favor of Coregis, and its denial of Ferguson's cross-motion for summary judgment because the judgment determined the "general liability limit"

by means of a non-existent standard. A judgment cannot be entered to enforce a contract's term when that term does not exist.

Because this case arises under diversity jurisdiction, we must apply the relevant state's substantive law. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2004). "Idaho has adopted the Restatement rule that the law governing interpretation of a contract is the local law of the state that has 'the most significant relationship to the transaction and the parties.'" *Indus. Indem. Ins. Co. v. United States*, 757 F.2d 982, 985 (9th Cir. 1985). The Policy was issued in Idaho, the plaintiff is an Idaho citizen, the insured school is located in Idaho, and all relevant events took place in Idaho. Further, both parties concede Idaho law applies. Accordingly, Idaho law applies. *See id*. at 985-86.

The sole issue in this case is the policy's limits for "general liability" coverage granted to the school. The plaintiff asserts the liability limits are $2,000,000; the insurance company asserts they are $500,000. The district court found the contract was unambiguous; the limit was $500,000 because $500,000 is the only dollar amount referred to in Idaho Code § 6-924.[1]

The policy provides in several places that the "general liability limit" is $2,000,000 per occurrence. The policy also has the following endorsement:

Idaho Tort Claim Act Endorsement

This endorsement modifies insurance provided under the following:

---

[1]All sections referred to herein are from the Idaho Code, unless otherwise specified.

Idaho School Package Policy

Section II, General Liability, Wrongful Acts and Premises Medical Payments Coverage; D. Conditions; 8. Limits of Liability, a. is deleted in its entirety and replaced by the following:[2]

8. a. The limit of liability per the amount indicated by the Idaho Code § 6-924 as applicable to each occurrence or each wrongful act, is the limit of the Company's liability for all damages sustained as the result of any one occurrence or wrongful act; unless § 6-924 is ruled invalid thereby reverting to the limit of liability as stated in the Declarations. The amount determined by a court of competent jurisdiction for liable action taken outside the state of Idaho renders the liability limitation included in the Idaho Code § 6-924 inapplicable and the limit of liability as stated in the Declarations then applies.[3] All injury or damage arising out of the continuation or repetition of substantially the same condition or the same proximate cause shall be considered as arising out of one occurrence or one wrongful act.

Section 6-924, referenced in the endorsement, provides as follows:

Policy Limits—Minimum Requirements

---

[2]This endorsement purports to replace a section that was not a part of the Policy. There is no section II.D.8(a) in the original policy, nor is there any paragraph limiting the company's liability, other than the $2,000,000 policy limits.

[3]The district court thought this language regarding actions outside Idaho would be superfluous if § 6-924 did not apply, but this reasoning does not remedy the problem that the endorsement refers to a supposed limitation of liability that does not exist in § 6-924. Neither the coverage provisions nor the definitions of an "occurrence" limit the policy limits.

> Every policy or contract of insurance or comprehensive liability plan of a governmental entity as permitted under the provisions of this chapter shall provide that the insurance carrier pay on behalf of the insured governmental entity or its employee to a limit of *not less than* five hundred thousand dollars (*$500,000*) for bodily or personal injury, death, or property damage or loss as the result of any one (1) occurrence or accident, regardless of the number of persons injured or the number of claimants.

Idaho Code § 6-924 (emphases added).

**[1]** Under Idaho law, when interpreting an insurance contract, we begin by interpreting the plain language of the insurance policy as a whole to determine whether there is an ambiguity; such interpretation is a question of law appellate courts review *de novo*. *Clark v. Prudential Prop. & Cas. Ins. Co.*, 66 P.3d 242, 244-45 (Idaho 2003). If there is no ambiguity, the plain meaning governs. *Id*. at 245.

Where the policy is "reasonably subject to differing interpretations, the language is ambiguous and its meaning is a question of fact." *Id*. To determine the meaning of an ambiguous contract, we "must determine what a reasonable person would have understood the language to mean and the words used must be construed given their ordinary meaning." *Id*.

**[2]** "[B]ecause insurance policies are contracts of adhesion, . . . ambiguities must be construed most strongly against the insurer." *Id*. "The burden is on the insurer to use clear and precise language if it wishes to restrict the scope of coverage and exclusions not stated with specificity will not be presumed or inferred." *Id*.

**[3]** We agree with the district court that the Policy is unambiguous, but we disagree on the outcome. The endorsement states the Company's liability is limited to "the limit of liabil-

ity per the amount indicated by the Idaho Code § 6-924." The problem with this language is that there is no such "limit of liability" in § 6-924. Section 6-924 states a required per occurrence minimum amount of insurance a governmental entity must purchase. Section 6-924 simply does not set a maximum limit of *liability*. It sets a minimum dollar amount of *coverage*.

**[4]** If the endorsement referred only to "the amount indicated by the Idaho Code § 6-924," then we would agree with the district court, but that is not the language Coregis used. Instead the endorsement refers to a supposed "limit of liability." No such "limit of liability" exists in § 6-924.[4] This reference to a non-existent standard renders the endorsement uncertain and unenforceable. Under Idaho law, "[t]o be enforceable, a contract must be complete, definite and certain in all of its material terms, or contain provisions which are capable in themselves of being reduced to certainty." *Dante v. Golas*, 823 P.2d 183, 186 (Idaho Ct. App. 1992) (holding that a lease option was unenforceable because "its essential terms were unstated and uncertain") (citing *Giacobbi Square v. PEK Corp.*, 670 P.2d 51, 53 (1983)); *see also Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 804 P.2d 900, 902 (Idaho 1991) (holding that Idaho has a "well-established rule that the terms of a contract must be sufficiently definite and certain in order to be enforceable" and where testimony conflicted about the amount of an oral contract for a loan, the terms were obviously not certain); *Matheson v. Harris*, 572 P.2d 861, 863 (Idaho 1977) (noting that the Idaho Supreme Court had previously held a contract was unenforceable where it referred to a non-existent mortgage);

---

[4]The grammatical structure of the sentence reinforces this interpretation. The phrase "per the amount indicated by the Idaho Code § 6-924" is a modifying clause which modifies the subject of the sentence: "limit of liability." Such limit cannot be gleaned unless there is a limit of liability amount stated in § 6-924. Because no such limit of liability exists in § 6-924, the modifying clause fails to modify.

*Irwin Rogers Ins. Agency, Inc. v. Murphy*, 833 P.2d 128, 133 (Idaho Ct. App. 1992) (holding that a contract term that allowed the insureds to pay their accounts "as funds became available" was a standard that was "too indefinite and uncertain to constitute an enforceable contract right").

**[5]** Because § 6-924 mandates a minimum amount of coverage, not a maximum limit on liability, the Policy endorsement provision which refers to a "limit of liability" refers to a non-existent standard. Section 6-924 simply does not contain any limit of liability any more than would a contract to price season tickets "per the amount indicated" for Los Angeles's professional football team. Under familiar rules of contract interpretation, a contract term with no meaning cannot be enforced.

Even if the Policy were ambiguous, Ferguson would still prevail. If Coregis intended to refer not to § 6-924 but instead to § 6-926, a section which *does* establish liability limits, the liability limit would be $2,000,000 because that is what the school district purchased. Unlike § 6-924, which does not have a limitation of liability, § 6-926 limits a governmental entity's liability to $500,000, "unless the governmental entity has purchased applicable, valid, collectible liability insurance coverage in excess of said limit, in which event the controlling limit shall be the remaining available proceeds of such insurance." The latter phrase would control because the school district contracted for $2,000,000 in coverage, not $500,000. Under Idaho law, we must construe ambiguities in the contract against Coregis because it did not use "clear and precise language . . . to restrict the scope of coverage." *Clark*, 66 P.3d at 245.

Accordingly, we reverse the judgment of the district court, and render judgment in Ferguson's favor. The limits of the Policy are $2,000,000.00.

**REVERSED.**