

FILED

**NOT FOR PUBLICATION**

SEP 23 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRANCE WALKER, ex rel. United
States,

          Plaintiff-Appellant,

  v.

INTELLI-HEART SERVICES, INC.;
DANNY WEISBURG; VANNESSA
PARSONS; DANIEL L. GERMAIN,

          Defendants-Appellees.

Nos.  20-15688
       20-16341

D.C. No.
3:18-cv-00132-MMD-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted September 22, 2021**
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Terrance Walker appeals the dismissal of his diversity action against Defendants Intelli-Heart Services, Inc. ("IHS"), Danny Weisberg, Vanessa Parsons, and Daniel Germain (collectively, "Defendants"). We affirm.

The district court did not err by granting Defendants' special motions to dismiss under Nevada's Strategic Lawsuit Against Public Participation ("anti-SLAPP") statutes. Nev. Rev. Stat. §§ 41.635–41.670. Defendants met their burden of showing that Walker's claims were based on their good-faith communications with the United States Department of Veterans Affairs ("VA"). *See* Nev. Rev. Stat. § 41.637(1); *Abrams v. Sanson*, 458 P.3d 1062, 1066 (Nev. 2020). The district court did not have to accept Walker's legal conclusion that he was IHS's subcontractor under certain Federal Acquisition Regulations as true. *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Under Nevada substantive law, which governs this action, Walker did not have a contractual relationship with IHS. *See Ferguson ex rel. McLeod v. Coregis Ins. Co.*, 527 F.3d 930, 932 (9th Cir. 2008) (per curiam); *Simmons Self-Storage Partners, LLC v. Rib Roof, Inc.*, 331 P.3d 850, 856–57 (Nev. 2014); *Edwards v. Carson Water Co.*, 34 P. 381, 386 (Nev. 1893). Walker's assertion that Defendants made false statements to the VA about the timeliness of their payments to non-party James Winters is beside the point; the "gist" of Defendants'

communications to the VA was that Walker was not IHS's subcontractor. *Smith v. Zilverberg*, 481 P.3d 1222, 1228 (Nev. 2021).

Further, Walker did not plausibly allege claims for tortious interference with contractual relations and unjust enrichment. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018). He had no actionable claim for tortious interference because James Winters could not bind IHS to an agreement that it would not terminate the distributor agreement with Winters. To the extent that the contract between Winters and Walker purported to do so, it violated the terms of the contract between Winters and IHS and thus was invalid. *See J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003) (per curiam). The mere termination of Winters' contract with IHS did not create a tortious interference with any contract between Walker and Winters. *See id.* at 1268. And to the extent that Walker argues that he has direct contractual rights against IHS as Winters' assignee, that too would violate the terms of the agreement between Winters and IHS. Winters could not assign his personal services contract to Walker without IHS's consent. *See* Restatement (Second) of Contracts § 318 cmt. c (Am. L. Inst. 1981); *cf. HD Supply Facilities Maint., Ltd. v. Bymoen*, 210 P.3d 183, 186 (Nev. 2009) (en banc). As a result, the district court properly held

3

that Walker could not state a claim for tortious interference with contractual relations.

Similarly, Walker cannot state a plausible claim for unjust enrichment because his allegations show that IHS did not know that it was Walker's efforts, rather than Winters' efforts alone, that led to the acquisition of VA contracts. *See Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 257 (Nev. 2012); *cf. Allegiant Air, LLC v. AAMG Mktg. Grp., LLC*, No. 64182, 2015 WL 6709144, at \*3 (Nev. Oct. 29, 2015) (unpublished) (citing *Dragt v. Dragt/DeTray, LLC*, 161 P.3d 473, 482 (Wash. Ct. App. 2007)); Restatement (Third) of Restitution & Unjust Enrichment § 2 (Am. L. Inst. 2011).  Nor does Walker plausibly allege inequitable circumstances.  *See Certified Fire*, 283 P.3d at  257; *Korte Constr. Co. v. State ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, No. 80736, __ P.3d __, __, 2021 WL 3237198, at \*3 (Nev. July 29, 2021) (en banc).  Walker may have had a reasonable expectation of payment from Winters, but he did not have a reasonable expectation of payment from IHS.  Thus, the district court properly held that Walker could not state a claim for unjust enrichment.  It was not error for the district court to grant Defendants' anti-SLAPP motions.

The district court did not abuse its discretion by denying Walker further discovery before ruling on Defendants' anti-SLAPP motions.  *See Qualls ex rel.*

4

*Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc). The anti-SLAPP motions, and the court's analysis, were based on legal deficiencies in the operative complaint and its attachments. *See Planned Parenthood*, 890 F.3d at 834; *see also Warren*, 328 F.3d at 1139, 1141 n.5.

Likewise, it was not an abuse of discretion to deny Walker's motion for an indicative ruling under Federal Rule of Civil Procedure 62.1. Walker was not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b). *See McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987); *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880–81 (9th Cir. 2000).

We deny Germain's request for sanctions for a frivolous appeal because it was not separately filed. *See* Fed. R. App. P. 38; *Padgett v. Wright*, 587 F.3d 983, 986 (9th Cir. 2009) (per curiam).

**AFFIRMED.**