64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sterling K. SMITH, Plaintiff-Appellee,
v.
Gail K. PROSSER; David Knuckles; Kathleen Anne Wright,
Defendants-Appellants,
and
Susan Patricia King, Defendant.
 No. 94-17213.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 10, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gail K. Prosser and Kathleen Anne Wright, assistant district attorneys for Bernalillo County, New Mexico, and David Nuckols,[1] an investigator employed by the Bernalillo County District Attorney's office, appeal the district court's order denying their motion for summary judgment based on a claim of absolute immunity with respect to their prosecution of Sterling K. Smith on charges of interference with custodial rights. We have jurisdiction under 28 U.S.C. Sec. 1291,[2] and we reverse and remand.
 
 
 3
 * Background
 
 
 4
 In 1981, Smith was awarded legal custody of his minor child as part of the settlement agreement in his divorce. In July 1989, without Smith's knowledge and using allegedly fraudulent tactics, Smith's ex-wife took the child from Tempe, Arizona to Albuquerque, New Mexico where Smith's ex-wife then resided. Soon thereafter Smith became aware that his son had been taken from Arizona by his ex-wife, travelled to Albuquerque to retrieve the child, and returned to Arizona with the child on August 4, 1989.
 
 
 5
 On August 10, 1989, Smith's ex-wife filed a motion for a temporary restraining order in New Mexico requesting that she be granted legal custody of their minor child and that Smith be prevented from removing the child from New Mexico. This order was granted and a permanant restraining order was entered on September 12, 1989.[3]
 
 
 6
 On June 2, 1990, Smith's ex-wife filed a police report alleging interference with custodial rights. Shortly after this report was filed, defendant Nuckols met with Smith's ex-wife and received a copy of the September 12, 1989, custody order. Sometime after this meeting, Nuckols contacted Smith and Smith's attorney by phone to discuss the possibility that criminal charges might be filed. Smith alleges that Nuckols called him on several occasions and that these telephone conversations were heated.[4]
 
 
 7
 On June 6, 1990 and August 29, 1990, defendant Wright contacted Smith by letter to inform him that the district attorney's office was considering filing criminal charges against him for the crime of custodial interference. On July 30, 1990, defendant Prosser informed Smith by letter that evidence would be presented to a grand jury and an indictment would be sought on August 13, 1990.
 
 
 8
 Throughout this period, Smith attempted to explain why his ex-wife's custody order was invalid and why he was not guilty of the crime of custodial interference. Smith chose not to attend the grand jury proceeding. Instead, he submitted a detailed affidavit explaining his position. Defendants chose not to present this affidavit to the grand jury. The grand jury indicted Smith for the crime of custodial interference, but the charges were later voluntarily dismissed by defendants allegedly because the New Mexico custody order was ruled invalid.
 
 II
 Merits
 
 9
 Defendants contend that the district court erred by concluding that there was a genuine factual issue as to whether defendants' conduct was "investigatory" which precluded the grant of absolute immunity prior to trial. Defendants contend that they are entitled to absolute immunity even if all of Smith's factual allegations are true. These contentions have merit.
 
 
 10
 Prosecuting attorneys are absolutely immune from civil suits for damages relating to professional conduct which is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1975); see also Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir.1991). "Investigators, employed by a prosecutor ..., are entitled to the same degree of immunity as prosecutors." Gobel v. Maricopa County, 867 F.2d 1201, 1203 n. 5 (9th Cir.1989) (citation omitted).
 
 
 11
 Here, defendants' conduct while interviewing Smith prior to deciding whether to bring criminal charges, their decision to request an indictment from the grand jury, and their decision not to present Smith's potentially exculpatory affidavit to the grand jury are covered by their absolute prosecutorial immunity. See Imbler, 424 U.S. at 430 and 431 n. 33 & 34; Demery v. Kupperman, 735 F.2d 1139, 1143-45 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985).
 
 
 12
 Accordingly, the district court erred by denying defendants absolute immunity and denying their motion for summary judgment.
 
 REVERSED and REMANDED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellants request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because defendant Nuckols' name was misspelled in the initial pleadings in this case, his name has been misspelled in the caption throughout this action. The correct spelling of his name is used in the body of this disposition
 
 
 [2]
 The district court's denial of absolute immunity is an immediately appealable collateral order. See Nixon v. Fitzgerald, 457 U.S. 731, 742 (1982); Fry v. Melaragno, 939 F.2d 832, 835 n. 5 (9th Cir.1991). Even assuming that absolute immunity and qualified immunity are sufficiently similar that the rule announced in Johnson applies to orders denying absolute immunity, this appeal is properly before us because its resolution "turns on an issue of law." See Johnson v. Jones, 115 S.Ct. 2151, 2159 (1995) (holding that denials of qualified immunity which turn on questions of fact are not immediately appealable); see also Mitchell v. Forsyth, 472 U.S. 511, 525-26, 530 (1985) (comparing absolute and qualified immunity with respect to immediate appealability; holding that denials of qualified immunity which turn on an issue of law are immediately appealable)
 
 
 [3]
 Smith contends the orders were void because his ex-wife misled the New Mexico court regarding the residence of the minor child in the state of New Mexico. Because the validity of these orders do not affect our analysis of defendants' claim for immunity, we do not express an opinion as to this contention. Cf. McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir.1987) (allegation that prosecutors filed claim knowing that statute of limitations had run is irrelevant to absolute immunity inquiry)
 
 
 [4]
 Smith also alleges that Nuckols contacted his parents and threatened to charge them with the crime of custodial interference. Because Smith has no standing to raise claims concerning a third party's legal rights, we express no opinion on whether defendants are absolutely immune with respect to this conduct. See Allen v. Wright, 468 U.S. 737, 750 (1984); Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 520 (9th Cir.1992)
 
 
 [5]
 On remand, the district court must decide whether to exercise pendent jurisdiction over the state-law malicious prosecution claims against these defendants. See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992) (holding that district court has discretion to exercise pendent jurisdiction over state-law claims where all federal claims have been dismissed), cert. denied, 113 S.Ct. 1644 (1993)