NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SETONDJI VIRGILE NAHUM, | No. 21-35008 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01114-BJR |
| v. | |
| THE BOEING COMPANY; JEFFREY DILLAMAN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted March 3, 2025**
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Plaintiff Setondji Nahum appeals the district court's grant of summary

judgment and grant in part of a motion to dismiss. Plaintiff also appeals the district

court's denial of his motion for reconsideration and his motion to appoint

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

substitute counsel. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, "viewing the evidence in the light most favorable to the non-moving party," to determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 916 (9th Cir. 2002). We also review de novo a dismissal under Federal Rule of Civil Procedure 12(b). *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987). We review for abuse of discretion a denial of a motion for reconsideration and a motion to appoint substitute counsel. *Id.*; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

1. To overcome summary judgment on a disparate treatment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., a plaintiff must produce evidence of the defendant's racially discriminatory intent. *See Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 n.7, 1003 (9th Cir. 2019). Plaintiff failed to meet that burden. Plaintiff testified that other employees made derogatory comments toward him and that Defendants falsely claimed that his job performance was poor. But Plaintiff neither explains how those comments reflect racial animus, nor does he proffer any evidence that he was "performing his job satisfactorily" or that "his employer treated him differently than a similarly situated employee who does not belong to the same protected class." *Id.* at 1003 ("An employee's self-assessment of his performance, though relevant, is not enough on

its own to raise a genuine issue of material fact."); *cf. Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1128 (9th Cir. 2000) (treating as direct evidence of discriminatory intent that an employer used a racial epithet when declining to hire job candidates of a certain race). Because Plaintiff did not establish a prima facie case of discrimination under Title VII, Defendants are entitled to summary judgment on that claim. *Weil*, 922 F.3d at 1003.

2. For similar reasons, Defendants are also entitled to summary judgment on Plaintiff's Title VII harassment claim. Plaintiff points to the same derogatory comments and disputes over his job performance in support of his harassment claim, but he proffers no evidence that he was subject to those comments and negative evaluations "because of his [race]." *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002); *see Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (cautioning that the standards for judging a harassment claim must be "sufficiently demanding to ensure that Title VII does not become a general civility code" (internal quotation marks omitted)).

3. Under Washington law, a defamation action requires that the defendant have made "false statement[s]." *Phx. Trading, Inc. v. Loops LLC*, 732 F.3d 936, 944 (9th Cir. 2013) (internal quotation marks omitted). Plaintiff alleges that his performance reviews and Defendants' statements regarding his unemployment claim contained falsehoods, but he did not present evidence disputing those

3

statements as required at the summary judgment stage. *See Mohr v. Grant*, 108 P.3d 768, 822 (Wash. 2005) (en banc). The district court therefore did not err in granting Defendants summary judgment on Plaintiff's defamation claim.

4. "To establish subject matter jurisdiction over his Title VII retaliation claim, [Plaintiff] must have exhausted his administrative remedies by filing a timely charge" with the Equal Employment Opportunity Commission ("EEOC"). *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). Plaintiff's charge to the EEOC alleged only a racial discrimination claim and did not identify a retaliation claim, but we may still exercise jurisdiction over the retaliation claim if it would "fall within the scope of the EEOC's actual investigation" or "could reasonably be expected to grow out of the charge." *Id.* Here, Plaintiff's retaliation claim concerns a set of allegations—namely, Defendants' actions in *response* to Plaintiff's filing the discrimination charge—that could not have been included in the EEOC charge, which necessarily solely concerned incidents that occurred prior to its filing. *See id.* at 645; *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (comparing the facts alleged in the EEOC charge to the facts of the claim not raised to the EEOC). We therefore lack jurisdiction to hear the retaliation claim.

The district court did not abuse its discretion in denying the motion for reconsideration of the retaliation claim because Plaintiff did not offer evidence that would justify relief under Federal Rule of Civil Procedure 60(b). *See McCarthy*,

4

827 F.2d at 1318.

5. Plaintiff asserts claims for "[w]rongful [t]ermination through the [a]buse of [p]ower" and "[r]etaliation for work performed at previous employer." For both of those claims, he cites as the source of authority, without explanation, Title VII and an inapposite regulation concerning tribal courts. Because those claims have no "arguable basis in law," the district court did not err in dismissing them. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

6. Plaintiff asserts that Defendants conspired to deprive him of employment. Even construing Plaintiff's pleading as a claim under 42 U.S.C. § 1985(3), the district court did not err in dismissing that claim because "§ 1985(3) may not be invoked to redress [alleged] violations of Title VII." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979).

7. The district court granted Plaintiff's motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), but Plaintiff filed a subsequent motion to appoint new counsel. "The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances" depending on "plaintiff's ability to articulate his claims." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation marks omitted). The district court did not abuse its discretion in denying Plaintiff's motion to appoint new counsel in light of his assertion that he was not opposed to proceeding pro se.

5

8.  Plaintiff contends that because the transcript for his deposition was not available for order until two days after the close of discovery, Defendants cannot offer that deposition as evidence on summary judgment.  Plaintiff points to no legal authority in support of that argument and has therefore forfeited any such error.  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).  Plaintiff also broadly asserts that Defendants failed to comply with requests for production without citation to the record.  Any such error is similarly forfeited.  *Id.*

**AFFIRMED.**